**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nelson Gomez, on behalf of himself and others similarly situated, | ) ) ) | Case No. 26-cv-2822 |
| Plaintiff, | ) ) | Hon. Edmond E. Chang |
| v. | ) ) | Magistrate Hon. Laura K. McNally |
| Luigi Sardone, Stonecraft USA, LLC and Bella Italia, Inc., | ) ) ) | Jury demanded |
| Defendants. | ) ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND PROVE-UP OF DAMAGES IN A SUM CERTAIN**

Plaintiff Nelson Gomez, through his undersigned counsel, moves this Court for entry of default judgment against Defendants Luigi Sardone, Stonecraft USA, LLC, and Bella Italia, Inc. ("Defendants"), jointly and severally, and in support states as follows:

1.      This action is brought to remedy nonpayment of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and to remedy violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq., and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 et seq., on behalf of Plaintiff.

2.      In violation of the FLSA and the IMWL, Defendants failed to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) in a work week. Defendants further violated the IWPCA by failing to pay Plaintiff all earned wages when due.

3.   As a remedy for Defendants' acts, Plaintiff seeks relief including unpaid overtime wages, liquidated damages under the FLSA, statutory penalties and interest under the IMWL and IWPCA, and attorneys' fees and costs.

4.   Plaintiff filed his Complaint in this action on March 13, 2026. (Dkt. 8).

5.   Defendant Stonecraft USA, LLC was served with the Summons, Consent to Sue, and Complaint on June 2, 2026, by delivering these to an employee and person authorized to accept service on behalf of Stonecraft USA, LLC, at Stonecraft's place of business, 6800 Route 83, Unit 10, Darien, Illinois 60561. (Dkt. 14).

6.   Defendant Bella Italia, Inc. was served with the Summons, Consent to Sue, and Complaint in the same manner, at the same address, on June 2, 2026, by delivering these to an employee and person authorized to accept service on behalf of Bella Italia, Inc. (Dkt. 15).

7.   Defendant Luigi Sardone was personally served with the Alias Summons and Complaint on June 19, 2026, at 6800 Route 83, Suite 10, Darien, Illinois 60561. (Dkt. 20).

8.   Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants Stonecraft USA, LLC and Bella Italia, Inc. were required to answer or otherwise plead by June 23, 2026, and Defendant Luigi Sardone was required to answer or otherwise plead by July 10, 2026. To this date, no Defendant has answered, appeared, or otherwise responded to the Complaint nor communicated with Plaintiff's counsel.

9.   On July 9, 2026, this Court entered a minute order finding that, based on the record at Dkt. 14, 15, and 20, all Defendants failed to timely answer and are deemed in default. (Dkt. 21). The Court directed Plaintiff to file a motion for default judgment in a sum certain by July 23, 2026, and cautioned that failure to timely file the motion may result in dismissal of this action for lack of prosecution.

10.     Plaintiff now submits this motion, together with the Declaration of Nelson Gomez (Exhibit A) and the accompanying wage, costs and fees calculation (Exhibit B), and costs documents (Exhibit C) establishing a sum certain as to the damages owed by Defendants.

**PROVE-UP OF DAMAGES**

11.     Plaintiff Nelson Gomez has executed a declaration, attached as Exhibit A, setting forth his rate of pay, the hours he worked, and the calculation of wages owed to him by Defendants.

12.     As set forth in the Complaint and the Declaration, Plaintiff was employed by Defendants for two distinct periods of time: from approximately June 2023 through December 2023 and from February 2024 until June 2025, performing work related to the processing, cutting, and polishing of stone at Defendants' business operating at 6800 IL Route 83, Darien, Illinois.

13.     Plaintiff, for approximately three months of this first time period worked from 6 am to 10 pm for about three months, from Monday through Saturday.  He and his co-workers were allowed one hour for lunch. Mr. Gomez was paid $17. 00 per hour during this time period.

14.     Plaintiff was not paid an overtime premium throughout his employment including his first period

15.     Plaintiff stopped working the first time because Defendants owed him $2,600.00 in unpaid wages that Defendants failed to pay despite my requests.

16.     During the second time period Plaintiff was paid $20.00 per hour but was not paid an overtime premium for hours worked in excess of forty (40) per week, despite regularly working between approximately 67 and 75 hours per week.  He worked for at least 10 hours from 7 a.m. to 5 p.m. from Monday through Saturday during this period but worked at least two to three days per week until 7.p.m. On Sundays he worked from 8 a.m. to 1 or 2 p.m.

17.     Defendants paid no overtime premium for this period either.

18.     Mr. Gomez left the second time because the Defendants failed to pay him $1600.

19.     As detailed in the attached wage calculation attached as Exhibit B, Plaintiff is owed unpaid wages and overtime of $12,000 for the period February 2022 through December 2022, he is owed interest in the amount of $27,411 calculated at 5% per month of when the wages were due.

20.     For the period February 2024 through June 2025, Plaintiff is owed $16,140 in unpaid overtime and wages, he is entitled to liquidated damages under the FLSA, in an amount equal to the unpaid overtime wages.

21.     Under the IMWL, Plaintiff is owed treble damages, amounting to $48,420, and interests of five percent (5%) per month of the amount of underpayment, totaling $15,506.50.

22.     Plaintiff's total damages, as itemized in Exhibit B page 3, are $135,617.50.

23.     Plaintiff additionally requests an award of attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), 820 ILCS 105/12(a), in the amount of $8,502 representing 14.7 hours at a rate of $600/hr., and costs of $945 for filing fees and paying process servers.  (Exhibit C contains images of costs paid by Plaintiff).

24.     Plaintiff therefore requests that the Court enter judgment against Defendants, jointly and severally, in the total sum certain of $145,064.50 representing unpaid wages, liquidated damages, statutory penalties, interest, attorneys' fees, and costs, as detailed in the wage calculation (Exhibit B).

25.     Because Defendants have not appeared in this action, notice of this motion is not required under Federal Rule of Civil Procedure 55(b)(2). Nevertheless, out of an abundance of caution, Plaintiff will serve a copy of this motion, the supporting Declaration, and all exhibits on each Defendant by regular and certified mail at the address where they were served summons.

WHEREFORE, Plaintiff Nelson Gomez respectfully requests that this Court enter an order: (a) confirming that Defendants Luigi Sardone, Stonecraft USA, LLC, and Bella Italia, Inc. are in default; (b) entering judgment in favor of Plaintiff and against Defendants, jointly and severally, in the sum certain amount set forth above and detailed in the Declaration of Nelson Gomez and accompanying wage calculation; and (c) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Jorge Sanchez*

One of Plaintiff's Attorneys

Jorge Sanchez
Lopez & Sanchez LLP
77 W. Washington St., Suite 1313
Chicago, IL 60602
(312) 420-6784
jsanchez@lopezsanchezlaw.com
IL ARDC #6244796

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2026, I caused a true and correct copy of the foregoing Plaintiff's Motion for Default Judgment and Prove-Up of Damages in a Sum Certain, together with the Declaration of Nelson Gomez and all exhibits, to be filed electronically with the Clerk of the Court using the CM/ECF system, and to be served on the following Defendants by regular and certified U.S. Mail, postage prepaid, at their last known addresses, as no Defendant has appeared in this action:


Luigi Sardone
6800 Route 83, Suite 10
Darien, IL 60561

Stonecraft USA, LLC c/o Luigi Sardone
6800 Route 83, Unit 10
Darien, IL 60561

Bella Italia, Inc. c/o Luigi Sardone
6800 Route 83, Unit 10
Darien, IL 60561


/s/ *Jorge Sanchez*